02D03-2004-CT-000202

USDC IN/ND case 1:20-cv-00195-WCL-SLC document 5 filed 04/13/20 page 1 of 6

Filed: 4/13/2020 2:35 P
Cle
Allen Superior Court 3
Allen County, India

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

ANDREW MASIERAK,           )
                          )
    Plaintiff,             )
                          )
v.                         )
                          )
REPUBLIC PARKING SYSTEM, LLC, )
                          )
    Defendant.             )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff Andrew Masierak worked for Respondent Republic Parking System, LLC based at the Fort Wayne Airport. Plaintiff alleges that his write-ups, and eventually his termination, violated the opposition and participating clauses of Title VII's anti-retaliation provisions (Civil Rights Act of 1964, 42 U.S.C.§ 2000 e *et seq.*). Plaintiff also claims that he was discriminated against and terminated because of his obvious disability (a "lazy eye"), which somebody used to falsely state that Plaintiff was "glaring" at them. Plaintiff was written up in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA").

2. The Defendant is Republic Parking Systems, LLC, a company doing business in Indiana at the Fort Wayne Airport, with a principle office address of 900 Haddon Avenue, Suite 333, Collingswood, NJ 08108. Defendant is an "employer" for the purposes of Title VII and the ADA.

3. Plaintiff filed a Charge of Discrimination with the EEOC on or about July 2, 2019. A

copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Dismissal and Notice of Rights on January 14, 2020, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional prerequisites have been met and all administrative remedies exhausted for the filing of this lawsuit.

4. Plaintiff worked for the Defendant for approximately five years. At the time of his wrongful termination Plaintiff's job title was "cashier," but he had held the title of "assistant manager" prior to the Defendant engaging in discrimination and retaliation against him.

5. In early November 2018, Plaintiff provided a witness statement to Stephanie Wilkerson, a former employee of the Defendant who had filed a Charge of Discrimination with the EEOC against Defendant, while Ms. Wilkerson's Charge was under investigation. Prior to participating in the investigation of the EEOC Charge filed by Ms. Wilkerson, Plaintiff had never been subjected to any disciplinary action by the Defendant.

6. Shortly thereafter, Plaintiff began being subjected to disciplinary actions, including a demotion, all of which were pretextual in nature:

- On November 12, 2018 Plaintiff was written up for "insubordination and improper conduct" for allegedly failing to complete reports that were the job of the manager to complete;

- On December 1, 2018, Plaintiff was demoted from Assistant Manager to Cashier, which included a cut in pay and a change of duties;

- On December 6, 2018, Plaintiff was called into the office and accused of "poor work attitude" because he was allegedly "glaring" at someone, but Plaintiff has an obvious "lazy eye" that was the reason for the complaint; and

- On January 3, 2019, Plaintiff received a write up for alleged "improper conduct –poor work attitude," that included over scrutinization of his work that would not have been addressed prior to his participation in the EEOC investigation.

7. Then, on January 14, 2019, Plaintiff was terminated for "breach of confidentiality" for providing the witness statement during the investigation of Ms. Wilkerson's Charge of Discrimination.

8. Plaintiff contends that the disciplinary actions he was subjected to were retaliatory and discriminatory, and in direct violation of his rights pursuant to Title VII and the ADA, and were the direct and proximate cause of Plaintiff suffering the loss of his job and job related benefits, including income, and subjected him to emotional distress, embarrassment, humiliation, and other damages and injuries. Plaintiff seeks compensatory damages

9. Furthermore, the Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

—4—

JUL/03/2019/WED 10:01 AM              FAX No.                    P. 004

**EEOC Form 5 (11/09)**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 470-2019-03390 |

Equal Employment Opportunity Commission _____ and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Andrew Masierak
**Home Phone** (Incl. Area Code): (260) 440-9806
**Date of Birth**:

**Street Address**: 6026 Willow Green Drive
**City, State and ZIP Code**: Fort Wayne, IN 46818

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: Republic Parking System, LLC
**No. Employees, Members**: 15+
**Phone No.** (Include Area Code):

**Street Address**: 633 Chestnut Street, Suite 2000
**City, State and ZIP Code**: Chattanooga, TN 37450

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY ADA  ☐ GENETIC INFORMATION
☒ OTHER: Reporting illegal activity

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 10/2018   Latest: 01/14/2019
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I. Complainant Andrew Masierak worked for Respondent Republic Parking System, LLC based at the Fort Wayne Airport. Complainant alleges that his write-ups, and eventually his termination, violated the opposition and participating clauses of Title VII's anti-retaliation provisions (Civil Rights Act of 1964, 42 U.S.C. § 2000 e et seq.). Complainant also claims that he was discriminated and terminated because of his obvious disability (a "lazy eye"), which somebody used to falsely state that Complainant was "glaring" at them. Complainant was written up in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA").

II. Complainant participated in a Title VII proceeding and provided supportive evidence to a co-employee who had been terminated as a result of sexual discrimination--Stephanie Wilkerson. Complainant was told that he breached confidentiality when he supported Ms. Wilkerson and provided evidence in support of her Title VII sexual discrimination claim. Complainant alleges that this violates Title VII's anti-retaliation provision.

III. Complainant complained that Respondent was trying to hide the fact that a male who was smoking marijuana in a fee both was not disciplined even though he engaged in illegal drug usage at the Fort Wayne Airport. Conversely, Complainant made clear that this appeared to be discriminatory since Stephanie Wilkerson was terminated for merely lighting up a cigarette at the Fort Wayne Airport. Stephanie Wilkerson filed an EEOC claim against the Fort Wayne Airport and RPS. Complainant alleges that he was terminated and retaliated against for opposing the sexual discrimination to Stephanie Wilkerson and because he provided information to Stephanie Wilkerson's counsel in opposition to Respondent's discriminatory and retaliatory practices.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 7-2-19
Charging Party Signature: [signature]

**NOTARY** – When necessary for State and Local Agency Requirements
[signature]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year): 7-2-2019

LORI KAY KOLB
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

Ex. A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Andrew Masierak<br>6026 Willow Green Drive<br>Fort Wayne, IN 46818 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-03390 | Frederick J. BruBaker,<br>Enforcement Supervisor | (463) 999-1148 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Michelle Eisele,
District Director

JAN 14 2020
(Date Mailed)

cc: Celeste Bradley
Senior Counsel
REPUBLIC PARKING
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802

Ex. B