# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW MASIERAK, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     No. 1:20-cv-00195-WCL-SLC |
| | ) |
| REPUBLIC PARKING SYSTEM LLC, | ) |
| | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a joint motion for entry of agreed protective order, seeking the Court's approval and entry of a proposed agreed protective order submitted by the parties pursuant to Federal Rule of Civil Procedure 26(c). (ECF 18). Because the proposed order is inadequate in various ways, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately "Confidential Information." The proposed order defines the term "Confidential Information" as:

> [I]nformation or documents of any kind pertaining to, but not limited to, the following:

> (a) Confidential business, trade secret or proprietary records of Defendant . . .;
>
> (b) Any confidential business records the disclosure of which could result in competitive or economic harm to [Defendant];
>
> . . . .
>
> (d) Any personnel files or documents relating to any current or former . . . employee [of Defendant] . . . ;
>
> . . . .
>
> (f) Plaintiff's . . . financial documents or other personal financial information of Plaintiff; and healthcare records and information of Plaintiff.

(Proposed Order ¶ 1).

Generic terms such as "confidential," "proprietary," and the like are far afield from a narrowly demarcated category. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). Compounding the problem, the proposed categories of Confidential Information are prefaced with an introductory phrase—"pertaining to, but not limited to"—that makes clear other categories not listed could be protected.

Also, as to employee personnel files, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

Further, as to Plaintiff's own financial and healthcare information, Plaintiff "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002); *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind. June 17, 2008) (denying leave to file the plaintiff's personnel and medical information under seal where the information was central to the case).

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

There are also several internal inconsistencies in the proposed order. For example, the proposed order references paragraph 4 in several instances, when the reference ostensibly should

3

instead be to paragraph 5. (*See* Proposed Order ¶¶ 4, 6, 7, 14). Paragraph 8 of the proposed order is even more problematic. It first allows the parties to file redacted documents simply with the consent of the other party and also to file documents entirely under seal.[1] Yet, it goes on to state that no document shall be maintained under seal absent an authorizing statute, Court rule, or further leave of Court. Given this conflicting language, the Court cannot reasonably interpret the proposed order as being limited solely to the discovery period.[2] Nor is the Court willing to agree that the parties may submit documents for *in camera* review—absent further motion practice—as provided in paragraph 8.

As to paragraph 16 concerning amendments, to be clear, a protective order approved by the Court may be modified only by the Court *sua sponte* or if the Court *grants* a motion seeking modification filed by a party or non-party. Any modifications to the terms of a protective order are subject to the same requirements for the Court's initial approval and entry of a protective order—specifically that good cause exists and that the various safeguards required by the Seventh Circuit Court of Appeals are met. *See Shepard*, 2003 WL 1702256, at *2 (emphasizing that a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders").

Finally, as to paragraph 17 pertaining to the return or destruction of Confidential

---

[1] Furthermore, in most instances, the filing of a redacted document would also require the party to file an unredacted version under seal.

[2] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)).

Information after the conclusion of this litigation, any future proposed order should make clear that such obligations do not apply to the Court.

For these reasons, the Court DENIES the parties' joint motion for agreed protective order (ECF 18) without prejudice and declines to enter the parties' proposed agreed protective order. The parties may submit another motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 24th day of June 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge